UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK WHITERS,

        Plaintiff,

v.

        Case No.: 23-cv-12161
        Hon. Gershwin A. Drain

COLT BAKER, *et al.*,

        Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT OAKLAND COUNTY'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

### I.    INTRODUCTION

Plaintiff filed this 42 U.S.C. § 1983 action alleging that Defendants Oakland County and its employees were deliberately indifferent to his serious medical needs when they failed to transport him from the jail to his surgery appointments. Now before the Court is the Defendant Oakland County's Motion to Dismiss, filed on December 11, 2023. Plaintiff filed a Response on December 29, 2023, and Defendant filed a Reply on January 12, 2024. Upon review of the parties' submissions, the Court finds that oral argument will not aid in the resolution of this

1

matter. Accordingly, the Court will resolve Oakland County's motion on the briefs. *See* E.D. Mich. 7.1(f)(2). For the reasons that follow, the Court will grant in part and deny in part Oakland County's Motion to Dismiss.

## II. FACTUAL BACKGROUND

Members of the Oakland County Sheriff's Office arrested Plaintiff on July 25, 2022. On or about August 22, 2022, Plaintiff was sentenced to 60 days in the Oakland County Jail. On August 27, 2022, Plaintiff slipped and fell by the shower. Defendant-officer Baker responded when he heard yelling from Plaintiff. When Baker arrived on scene, he noticed Plaintiff holding his left hand. Plaintiff advised that he believed his finger was broken. Baker called the jail clinic and advised of the situation. Plaintiff was evaluated and transported to the hospital. Defendant-deputies Bagwell and Wilson transported Plaintiff to McLaren Hospital.

X-rays of Plaintiffs hand were ordered and revealed that Plaintiff suffered a closed transverse displaced fracture of the left index finger. Plaintiff was scheduled for surgery to take place on August 29, 2022. The doctors updated the deputies regarding Plaintiff's clinical course and recommendations along with detailed instructions for surgery. However,

Defendants never transported Plaintiff to his follow-up surgery appointment.

On September 2, 2022, the deputies returned Plaintiff to McLaren where he saw Dr. Shivajee Nallamthu. Dr. Nallamthu found the fracture was still significantly displaced and noted that Plaintiff was in severe pain. Dr. Nallamthu scheduled Plaintiff for surgery on September 6, 2022. However, again, the Defendants failed to take Plaintiff to his scheduled surgery.

In its Reply brief, Oakland County claims that the reason the deputies failed to take Plaintiff for his surgery is a prison policy that forbids inmates from being informed of the specific dates and times for medical appointments, including surgery, for security purposes. Oakland County claims on both occasions, Plaintiff had been informed of his surgery date and time and this is the reason he was not transported for surgery.

Plaintiff was released from the Oakland County Jail on September 12, 2022. Upon release, Plaintiff immediately went to St. Joseph Emergency Center to seek treatment for his finger. Plaintiff was referred to a specialist. The specialist informed Plaintiff that surgery would not

3

help because the delay in immediate treatment had permanently caused pain, debility, and dysfunction of the finger. Plaintiff's injury has caused him to struggle with daily tasks and negatively affected his quality of life. He has been unable to perform his customary work as a landscaper.

Plaintiff filed the instant lawsuit on August 23, 2023. He brings one count under 42 U.S.C. § 1983 raising several claims for violation of the Fourth, Eighth and Fourteenth Amendments arguing Defendants were deliberately different to his serious medical needs. Plaintiff also alleges a *Monell* claim against Oakland County.

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need

not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts

5

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

### B. Discussion

Oakland County first argues Plaintiff's *Monell* claim must be dismissed because Plaintiff fails to identify or allege any illegal official policy.

The Eighth Amendment guarantees the right to be free from cruel and unusual punishment. U.S. Const. amend. VIII. A plaintiff asserting a deliberate indifference claim under the Eighth Amendment must show: (1) an objectively serious medical need, and "(2) that the

defendant knew of and disregarded an excessive risk to the plaintiff's health or safety." *Est. of Abbey v. Herring,* 598 F. Supp.3d 572, 583-84 (E.D. Mich. 2022).

A plaintiff asserting a municipal liability claim under *Monell* "must connect the employee's conduct to a municipal 'policy' or 'custom.'" *Gambrel v. Knox Cnty.*, 25 F.4th 391, 408 (6th Cir. 2022)(quoting *Board of the County Comm'rs v. Brown,* 520 U.S. 397, 403 (1997)). A plaintiff must demonstrate one of the following *Monell* theories of liability: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). It appears that Plaintiff is alleging *Monell* violations based on the first and third theories of liability.

As to the first *Monell* theory of liability, Plaintiff was denied medical care and subjected to needless suffering as a result of Defendant's policy. While Plaintiff did not specifically allege

7

Defendant's policy in the Complaint, Defendant has come forward in its Response and admitted that Plaintiff was not taken for his surgery appointments due to its policy that inmates cannot know the scheduled dates of medical appointments for security purposes. Defendant employees failed to coordinate medical appointments on their own with McLaren Hospital. As such, the Court will permit Plaintiff to file a Second Amended Complaint to include allegations concerning Defendant's security and medical appointments policy. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstance relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

Additionally, Plaintiff has shown a direct causal link between the violation and the County's policy. "There must be 'a direct causal link' between the policy and the alleged constitutional violation such that the County's 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004) (citing *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001)).

8

*Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004), the case relied upon heavily by Oakland County, is distinguishable from the facts present here. In this case, the County's policy prohibiting Plaintiff from knowing his surgery date resulted in a complete denial of medical care, rather than inadequate medical care as in *Graham*. Once Plaintiff files a second amended complaint to include allegations about Oakland County's official policy, Plaintiff will satisfactorily state a *Monell* claim under the first theory of *Monell* liability. Oakland County asserts that Plaintiff "has failed to establish that this [policy] was instituted by Oakland County" and argues Oakland County does not coordinate medical care for inmates. These arguments are premature and suitable for a Rule 56(a) motion, rather than a Rule 12(b)(6).

As to Plaintiff's failure to train theory of liability, plaintiff must be able to allege that: (1) the City's training program was inadequate for the tasks that officers must perform; (2) the inadequacy was the result of the City's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Jackson v. City of Cleveland*,

9

925 F.3d 793 (6th Cir. 2019) (citations omitted). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citation omitted).

In this case, Plaintiff does not allege sufficient facts to infer a pattern of similar constitutional violations. Plaintiff claims that "[f]urther discovery will be necessary to uncover Defendant's 'prior instances of unconstitutional conduct demonstrating' that Oakland County had ignored abuse and that training was deficient. ECF No. 23, PageID.226. However, a Plaintiff cannot allege a municipal liability claim hoping that discovery will reveal facts to support the claim. *Curney v. City of Highland Park*, No. 11-12083, 2012 U.S. Dist. LEXIS 45121 at *12 (E.D. Mich. Mar. 30, 2012).

Here, Plaintiff's First Amended Complaint fails to identify any prior instances of unconstitutional conduct. Plaintiff's First Amended Complaint lacks a factual basis to support the legal conclusion that Oakland County was deliberately indifferent to a need for more or different training to avoid unconstitutional conduct by its employees.

10

Accordingly, Plaintiff's federal *Monell* claim based on a failure to train against Oakland County is subject to dismissal.

## IV. CONCLUSION

Defendant Oakland County's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) [#21] is GRANTED IN PART and DENIED IN PART. Plaintiff shall file a second amended complaint including the allegations supporting his first theory of *Monell* liability <u>no later than May 8, 2024</u>.

SO ORDERED.

Dated: April 24, 2024                  /s/Gershwin A. Drain
                                                                GERSHWIN A. DRAIN
                                                                United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 24, 2024, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager