UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK WHITERS,

        Plaintiff,

v.

COLT BLAKER,
VINNIE KHAMMO,
BRIANNA BENKE,
KARI McAVORY,
JAMES RICHARDSON,
ADAM WILSON,
JONATHAN BAGWELL,
SERGEANT DALE BROWN,
ASHLEY BERATY,
JOHN DOE 1-8,
WELLPATH, L.L.C., and
OAKLAND COUNTY,

        Defendants.
_____/

Case No. 2:23-cv-12161

District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART, DENYING IN PART, AND DEEMING RESOLVED IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY OF POLICIES #340 & #378 and DEPOSITION DATES OF BLAKER, KHAMMO, RICHARDSON, WILSON, BAGWELL, and BROWN (ECF No. 33)

This lawsuit concerns medical treatment Plaintiff received for his broken finger while he was detained in the Oakland County Jail in 2022. Currently before the Court is Plaintiff's July 17, 2024 motion to compel: (1) production of Policy #340 (Jail Investigations and Inmate Injuries); (2) production of Policy #378

1

(Inmate Hospital Watch); and, (3) the depositions of Defendants Blaker, Khammo, Richardson, Wilson, Bagwell, and Brown.  (ECF No. 33.)  Defendants have filed a response (ECF No. 34), and the parties have filed a statement of unresolved issues (ECF No. 47).

Judge Drain has referred this motion to me for hearing and determination. (ECF No. 35.)  On October 15, 2024, Attorney Michael E. Jones (Plaintiff), Attorney Carlos A. Escurel (Wellpath Defendants), and Attorney Heather Louise Lewis (Oakland County Defendants) appeared for an in person hearing (ECF Nos. 36, 37).

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel (ECF No. 33), as framed by the joint statement of resolved and unresolved issues (ECF No. 47), is **GRANTED IN PART** and **DENIED IN PART**, as follows:

- No later than **Tuesday, October 22, 2024**, the personnel records of Defendant deputies (*i.e.*, Blaker, Khammo, Richardson, Wilson, Bagwell, Brown, Beraty) **SHALL** be produced, although the production is subject to a protective order and redaction consistent with *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1067 (6th Cir. 1998).  The parties are to send the proposed stipulated protective order to the Court through CM/ECF utilities, forthwith, for my signature.

- The parties are reminded that entry of a protective order is distinct from sealing a record; to that end, their attention is directed to E.D. Mich. LR 5.3 and the Undersigned's online

2

      Practice Guidelines regarding "Protective Orders and Sealing of Records," which sets forth the requisite showing to be made by a party seeking to seal a filing.

- No later than **Tuesday, October 22, 2024**, and consistent with Attorney Carlos Escurel's (defense counsel's) July 2024 email of 2:46 p.m. (which the Court reviewed from the bench), General Order #47, General Order # 350, and General Order #171 **SHALL** be produced without entry of a protective order.

- No later than **Tuesday, October 22, 2024**, General Order #378 (Inmate Hospital Watch) **SHALL** be produced subject to a protective order.  The Court's *in camera* review of this policy revealed serious security information (listed generally and topically from the bench) that, if made public, could put the safety of officers, prisoners, hospital personnel, *etc.*, at risk; thus, Defendant has met its burden that this policy is entitled to protection.

- No later than **Tuesday, October 22, 2024**, Policy #340 (Jail Investigations & Inmate Injuries) **SHALL** be produced without a protective order, but Defendants may redact Section 3.0 (regarding criminal incident protocol) and Section 4.0 (regarding sexual abuse protocol), which are not relevant and beyond the scope of discovery in this matter.

Also, the motion is **DEEMED RESOLVED** as to the depositions (Blaker, Khammo, Richardson, Wilson, Bagwell, & Brown).  Finally, no costs or expenses are awarded, as no party prevailed in full.  *See* Fed. R. Civ. P. 37(a)(5).

    **IT IS SO ORDERED.**[1]

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: October 15, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE